BYRNES, Judge.
This is an action on open account for limousine and chauffeur services provided by plaintiff, London Livery, Ltd. Plaintiff appeals a judgment holding defendant, Jose Sierra, liable in the amount of $2,067.69, plus $1,000.00 in attorney’s fees and dismissing defendant, Americana Travel. We affirm.
This litigation arose from the following facts. Alan Fisher, the president of London Livery, Ltd., received a telephone call from Ernesto Schweikert, the president of Americana Travel, inquiring about transportation service for the President of Guatemala who would be arriving in New Orleans approximately six weeks later. Schweikert initially inquired as to whether this could be done on a complimentary basis. Fisher replied that no complimentary service would be provided. An arrangement was then discussed whereby Schwei-kert would pay London Livery’s fee in the form of airline tickets. Schweikert indicated that he would call Fisher back to finalize the arrangements. Schweikert never contacted Fisher again. A few days before the President of Guatemala arrived, Schweikert went to Jose Sierra’s office and discussed with Sierra the necessity of transportation services for the Guatemalan President. Sierra telephoned Fisher and arranged for the limousine transportation.
Over a three day period London Livery provided services to the President of Guatemala at a cost of $2,067.69. For these services London Livery billed Sierra. Sierra responded by informing Thomas Sneed, the comptroller of London Livery, that he ordered the services on behalf of Americana Travel and, therefore, Americana Travel should be billed. London Livery then billed Americana Travel. When both of these attempts to collect its fee failed, London Livery filed an action on open account against Americana Travel and Jose Sierra.
Judgment was rendered in favor of plaintiff, London Livery, and against defendant, Jose Sierra, in the amount of $2,0697.69 with legal interest from the date of judicial demand, attorney’s fees of $1,000.00 and all costs of the proceedings. The judgment further dismissed defendant, Americana Travel, with prejudice. Plaintiff appeals the judgment to the extent that it dismissed Americana Travel, arguing that Schweikert, acting on behalf of Americana Travel, procured transportation for the President of Guatemala and should be held liable for those services. In making this argument he relies on the following facts. Schweikert contacted Fisher about providing the service. Schwerkert approached Sierra about the necessary transportation and was in Sierra’s office when Sierra made the arrangements. Schweikert arranged the schedules for the limousines. Schweikert’s name appeared on the invoices. Schweikert, at times, rode in the limousines.
“A contract is formed by the consent of the parties established through offer and acceptance.” LSA-C.C. art. 1922. Implied authority is actual authority, which, while unexpressed, can be inferred from the cir *1289 cumstances, purposes and nature of the agency. Broadway v. All-Star Insurance Corporation, 285 So.2d 536 (La.1973); Hebert v. Livingston Parish School Board, 438 So.2d 1141 (La.App. 1st Cir.1983). The essentia] test in determining whether an implied agency exists is the right of one person, the principal, to control the conduct of another, the agent, or the actual exercise of such control. Automotive Finance Co. v. Kesk, Inc., 200 So.2d 136 (La.App. 4th Cir.1967). The agency issue is, generally, a factual determination. Id. at 139.
At trial, both Fisher and Schweikert testified that no agreement was reached during the one conversation they had six weeks prior to the arrival of the President of Guatemala. Schweikert approached Sierra for help in this matter, apparently drawn to Sierra because of his position as Director of the Department of Utilities for the City of New Orleans. He and Sierra discussed Schweikert’s prior conversation with Fisher. Sierra then called Fisher. The conversation was apparently very brief. Sierra simply asked for the service and Fisher agreed to provide it. The actual cost of the service or the possibility of the service being provided on a complimentary basis was not discussed. Further, Fisher testified that Schweikert’s name appeared on the invoices as the contact person, that is, the person the driver would report to at the pick-up location. Fisher testified that the appearance of Schweikert’s name as contact person on the invoices did not indicate that Schweikert was to be billed. Schweikert also signed some of the invoices indicating that services were received. The evidence shows that signing an invoice in this way is not determinative of billing. Fisher testified that billing arrangements are made at the time London Livery agrees to provide service. His appreciation of the billing arrangement in this case is that Sierra was to be directly billed for the services.
Clearly, no principle-agent relationship existed between Schweikert and Sierra. Schweikert did not control the conduct of Sierra and Sierra did not have the right or authority to represent or bind Schweikert. Further Schweikert’s actions including arranging schedules, riding in the limousines, and signing invoices, in no respect rendered Americana Travel contractually bound to London Livery. See LSA-C.C. Art. 1927. The trial judge, therefore, was correct in finding that no contract existed between London Livery and Americana Travel.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.